UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

DANIEL BARRIOS,
and other similarly situated individuals,

     Plaintiff (s),

v.

SPECIALIZED TOWING AND
TRANSPORTATION, INC.,
RAUL HERRERA, JUAN J. HERRERA,
and RIGOBERTO HERRERA

     Defendants,

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff DANIEL BARRIOS, by and through the undersigned counsel, on behalf of himself and other similarly situated hereby sues Defendants SPECIALIZED TOWING AND TRANSPORTATION, INC., RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA, individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1337 and under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq (the "FLSA" or the "Act").

2. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

3. Plaintiff DANIEL BARRIOS (hereinafter DANIEL BARRIOS, or Plaintiff) is a resident of Dade County, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the Act.

4. Defendant SPECIALIZED TOWING AND TRANSPORTATION, INC. (hereinafter SPECIALIZED TOWING, or Defendant) is a Florida corporation with corporate offices in Miami, Florida, FL, within the jurisdiction of this Court.  At all times, Defendant was and is engaged in interstate commerce.

5. The individual Defendants RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA were and are now, the owners/partners and managers of Defendant Corporation SPECIALIZED TOWING. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint took place within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during the material time.

8.  The asserted class for this collective action includes all current and former tow-truck drivers, former employees similarly situated to Plaintiff, performing non-exempted duties, at all premises of SPECIALIZED TOWING, in furtherance of the business of Defendants, and who worked more than forty hours (40) during one or more weeks within the material time, without being paid minimum wages and overtime hours at the rate of time and one-half his regular rate ("the overtime rate"), pursuant the FLSA.

9.  The material time for the claims, in this case, is the three-year period (3 years) prior to the date of each Plaintiff or each similarly situated individuals joining this action, as tolled or extended by equity of by law.

10. Corporate Defendant SPECIALIZED TOWING is a towing company operating 24/7 roadside assistance in Miami-Dade, Jacksonville, Tampa, and Broward, County. Defendant is specialized in vehicle repossessions.

11. Defendants SPECIALIZED TOWING, RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA employed Plaintiff DANIEL BARRIOS as a non-exempted, full-time tow truck driver, from on or about 2015, through approximately February 4, 2021, or more than five years. However, for FLSA purposes, Plaintiff's relevant employment period is 141 weeks.

12. Plaintiff was hired as a non-exempted employee to perform non-exempted work as a tow truck driver. During the relevant period, Plaintiff worked out of the Defendants' yard located at 23600 SW 132 Avenue, Homestead, Florida 33032.  Plaintiff performed his work within the area of Dade and Broward County.

13. Plaintiff was paid on a "commissions only" payment plan during the relevant period, with an established commission settlement period of 1 week.

14. Defendants set a fixed "commission" of $50.00 for vehicle repossession towing services and $25.00 for regular tow away services. Plaintiff did not receive other compensation besides his commissions.

15. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 7 days per week the night shift, from Monday to Sunday, from 7:00 PM to 7:00 AM (12 hours each day). Plaintiff took possession of the tow truck at 7:00 PM and remained driving and on-call waiting for the dispatcher's orders until 7:00 AM. Plaintiff worked a total of 84 hours weekly. Plaintiff was unable to take bonafide lunch periods.

16. Plaintiff worked regularly and consistently a minimum of 84 hours weekly, he was paid entirely by commissions, and he was not paid for overtime hours.

17. However, Plaintiff was not a salesman, and he did not sell anything; he was just a tow truck driver. Thus, the overtime sales exemption for commissioned employees Section 13 (a) (1) of the FLSA did not apply.

18. During his employment with Defendants, there were too many weeks in which Plaintiff's total earned commissions attributed to the pay period (1 week) divided by the 84 hours worked did not exceed one-half times the applicable minimum wage for every hour worked in a workweek.

19. As a result, the conditions of the exemption have not been met, and Section 7(i) exemption is not applicable. Plaintiff must be paid an overtime premium for all hours worked over 40 in a workweek, at the overtime rate of time and one-half his regular pay rate. Plaintiff is owed overtime wages for the years 2018, 2019, 2020, and 2021.

20. Furthermore, during the relevant employment period, Plaintiff earned commissions only, and he was not paid minimum wages for every hour worked as required by the FLSA.

Defendants have not met the minimum wage requirements of Section 13(a)(1), and Plaintiff is entitled to recover also minimum wages for every hour worked during the relevant employment period. Plaintiff is owed minimum wages for the years 2018, 2019, 2020, and 2021.

21. Regardless of the Defendants' payment plan arrangements, Plaintiff was a non-exempted employee working 84 hours per week. He was entitled to be paid at least minimum wages for every hour worked and overtime wages at the rate of time and one-half the minimum wage rate for all hours worked in a week, as required by the Fair Labor Standard Act.

22. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

23. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

24. Plaintiff was paid weekly by direct deposits, and his paystubs did not show the number of days and hours worked, the percentage of commissions paid, etc. Plaintiff's paystubs showed a fictitious number of hours worked and a fictitious wage rate.

25. Plaintiff was not in agreement with the number of hours worked and the compensation received every week, and he complained to the dispatcher/supervisor, Jose Cruz, many times.

26. On or about February 04, 2021, Plaintiff complained to supervisor Jose Cruz for the last time. Plaintiff complained about the lack of payment of minimum wages and overtime hours. As a result, supervisor Jose Cruz fired Plaintiff the same day.

27. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § § 201-209. Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other employees in the asserted class, the compensation to which they were lawfully entitled to all the regular and overtime hours worked within a workweek.

28. Plaintiff DANIEL BARRIOS seeks to recover unpaid minimum wages, overtime wages for every hour above 40 that he worked; liquidated damages; retaliatory damages, and any other relief as allowable by law.

29. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

30. Plaintiff DANIEL BARRIOS re-adopts every factual allegation stated in paragraphs 1-29 above as if set out in full herein.

31. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former

employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2018,  (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

32. Defendants engaged in a widespread pattern and practice of violating the Fair Labor Standards Act, as described in this Collective Action Complaint.

33. The Employer SPECIALIZED TOWING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant is a towing company that has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always material hereto more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is enterprise coverage.

34. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

35. Defendants SPECIALIZED TOWING, RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA employed Plaintiff DANIEL BARRIOS as a non-exempted,

full-time tow truck driver, from on or about 2015, through approximately February 4, 2021, or more than five years. However, for FLSA purposes, Plaintiff's relevant employment period is 141 weeks.

36. Plaintiff was hired as a non-exempted employee to perform non-exempted work as a tow truck driver.

37. During the relevant period, Plaintiff was paid on a "commissions only" payment plan, with an established commission settlement period of 1 week.

38. Defendants set a fixed "commission" of $50.00 for vehicle repossession towing services and $25.00 for regular tow away services. Plaintiff did not receive other compensation besides his commissions.

39. During his time of employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 7 days per week the night shift, from Monday to Sunday, from 7:00 PM to 7:00 AM (12 hours each day). Plaintiff worked a total of 84 hours weekly. Plaintiff was unable to take bonafide lunch periods.

40. Plaintiff worked regularly and consistently a minimum of 84 hours weekly, he was paid entirely by commissions, he was not paid minimum wages, and he was not paid for overtime hours.

41. However, Plaintiff was not a salesman, and he did not sell anything. He was just a tow truck driver. Thus, the overtime sales exemption for commissioned employees Section 13 (a) (1) of the FLSA is not applicable.

42. During his employment with Defendants, there were too many weeks in which Plaintiff's total earned commissions attributed to the pay period (1 week) divided by the 84 hours

worked did not exceed one-half times the applicable minimum wage for every hour worked in a workweek.

43. As a result, the conditions of the exemption have not been met, and Section 7(i) exemption is not applicable. Plaintiff must be paid an overtime premium for all hours worked over 40 in a workweek, at the overtime rate of time and one-half his regular pay rate. Plaintiff is owed overtime wages for the years 2018, 2019, 2020, and 2021.

44. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

45. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

46. Plaintiff was paid weekly by direct deposits, and his paystubs did not show the number of days and hours worked, the percentage of commissions paid, etc. Plaintiff's paystubs showed a fictitious number of hours worked and a fictitious wage rate.

47. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

48. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

49. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

50. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

 *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
 *Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. Total amount of alleged unpaid O/T wages:

    Seventy-Eight Thousand Six Hundred Ninety-Nine Dollars and 28/100 ($78,699.28)

    b. Calculation of such wages:

    Total period of employment:  More than 5 years weeks
    Total relevant weeks: 141 weeks
    Total hours worked: 84 hours weekly
    Total O/T hours:  44 O/T hours weekly
    Total unpaid O/T hours: 44 O/T hours.

    1.- Overtime 2018
    Relevant weeks:  32 weeks
    Unpaid O/T hours: 44 hours.
    Fl Minimum wage: $8.25 x 1.5=$12.38
    O/T rate: $12.38 an hour

    O/T rate $12.38 x 44 O/T hours=$544.72 weekly x 32 weeks=$17,431.04

    2.- Overtime 2019
    Relevant weeks:  52 weeks
    Unpaid O/T hours: 44 hours.
    Fl Minimum wage: $8.46 x 1.5=$12.69
    O/T rate: $12.69 an hour

    O/T rate $12.69 x 44 O/T hours=$558.36 weekly x 52 weeks=$29,034.72

3.- Overtime 2020
Relevant weeks:  52 weeks
Unpaid O/T hours: 44 hours.
Fl Minimum wage: $8.56 x 1.5=$12.84
O/T rate: $12.38 an hour

O/T rate $12.84 x 44 O/T hours=$564.96 weekly x 52 weeks=$29,377.92

4.- Overtime 2021
Relevant weeks:  5 weeks
Unpaid O/T hours: 44 hours.
Fl Minimum wage: $8.65 x 1.5=$12.98
O/T rate: $12.98 an hour

O/T rate $12.98 x 44 O/T hours=$571.12 weekly x 5 weeks=$2,855.60

Total #1, #2, #3, and #4:  $78,699.28

   c.  <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid overtime wages.

51. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

52. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

53. At times mentioned, individual Defendants RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA were and are now the owners/partners and managers of

SPECIALIZED TOWING. Defendants RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of SPECIALIZED TOWING concerning its employees, including Plaintiff and others similarly situated. Defendants RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA had financial and operational control of the business, provided Plaintiff with his work schedule, and they are jointly and severally liable for Plaintiff's damages.

54. Defendants SPECIALIZED TOWING, RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

55. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff DANIEL BARRIOS and those similarly situated respectfully requests that this Honorable Court:

A. An order, at the earliest possible time, allowing Plaintiff to give notice of this collective action to all tow truck drivers and all similarly situated employees who are presently, or have at any time from August 2016, up through and including the date of this Court's

issuance of Court-Supervised Notice worked at SPECIALIZED TOWING (or that the Court issue such notice). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Enter judgment for Plaintiff DANIEL BARRIOS and other similarly situated individuals and against the Defendants SPECIALIZED TOWING, RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

C. Award Plaintiff DANIEL BARRIOS actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff reasonable attorneys' fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff DANIEL BARRIOS demands trial by jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

56. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

57. The Employer SPECIALIZED TOWING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a towing company that has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always material hereto more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

58. Plaintiff was employed by an enterprise engaged in interstate commerce and through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

59. This action is brought by the Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods

for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

60. Defendants SPECIALIZED TOWING, RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA employed Plaintiff DANIEL BARRIOS as a non-exempted, full time tow truck driver, from on or about 2015, through approximately February 4, 2021, or more than 5 years. However, for FLSA purposes, Plaintiff's relevant employment period is 141 weeks.

61. During the relevant period, Plaintiff was paid on a "commissions only" payment plan, with an established commission settlement period of 1 week.

62. Defendants set a fixed "commission" of $50.00 for vehicle repossession towing services and $25.00 for regular tow away services. Plaintiff did not receive other compensation besides his commissions.

63. Plaintiff had a mandatory, regular schedule. Plaintiff worked 7 days per week the night shift, from Monday to Sunday, from 7:00 PM to 7:00 AM (12 hours each day), a total of 84 hours.

64. Plaintiff worked regularly and consistently a minimum of 84 hours weekly, he was paid entirely by commissions, and he was not paid for every hour worked as required by the FLSA.

65. However, Plaintiff was not a salesman, and he did not sell anything. He was just a tow truck driver. Thus, the overtime sales exemption for commissioned employees Section 13 (a) (1) of the FLSA did not apply.

66. During his employment with Defendants, there were too many weeks in which Plaintiff's total earned commissions attributed to the pay period (1 week) divided by the 84 hours worked did not exceed one-half times the applicable minimum wage for every hour worked in a workweek.

67. As a result, the conditions of the exemption have not been met, and Section 7(i) exemption is not applicable. Defendants have not met the minimum wage requirements of Section 13(a)(1), and Plaintiff is entitled to recover minimum wages for every hour worked during the relevant employment period.

68. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA. Plaintiff is owed minimum wages for the years 2018, 2019, 2020, and 2021.

69. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

70. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

71. Plaintiff was paid weekly by direct deposits, and his paystubs did not show the number of days and hours worked, the percentage of commissions paid, etc. Plaintiff's paystubs showed a fictitious number of hours worked and a fictitious wage rate.

72. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals.

73. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

74. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.  Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

75. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
 Florida's minimum wage is higher than the federal minimum wage.  As per FLSA regulations, the higher minimum wage applies.

   a.  Total amount of alleged unpaid wages:

       Forty-Seven Thousand Six Hundred Ninety-One Dollars and 60/100 ($47,691.60)

   b.  Calculation of such wages:

       Total period of employment:  More than 5 years weeks
       Total relevant weeks: 141 weeks
       Total number of unpaid hours: 40 hours weekly

       1.- Minimum wages 2018
       Relevant weeks:  32 weeks
       Unpaid hours: 40 hours weekly.
       Fl Minimum wage 2018: $8.25

Fl minimum wage rate $8.25 x 40 hours=$330.00 weekly x 32 weeks=$10,560.00

2.- Minimum wages 2019
Relevant weeks:  52 weeks
Unpaid hours: 40 hours weekly.
Fl Minimum wage 2019: $8.46

Fl minimum wage rate $8.46 x 40 hours=$338.40 weekly x 52 weeks=$17,596.80

3.- Minimum wages 2020
Relevant weeks:  52 weeks
Unpaid hours: 40 hours weekly.
Fl Minimum wage 2020: $8.56

Fl minimum wage rate $8.56 x 40 hours=$342.40 weekly x 52 weeks=$17,804.80

4.- Minimum wages 2021
Relevant weeks:  5 weeks
Unpaid hours: 40 hours weekly.
Fl Minimum wage 2021: $8.65

Fl minimum wage rate $8.65 x 40 hours=$346.00 weekly x 5 weeks=$1,730.00

Total #1, #2, #3, and #4:  $47,691.60

c.   <u>Nature of wages:</u>

This amount represents unpaid minimum wages at the Florida minimum wage rate.

76. The Defendants unlawfully failed to pay minimum wages to Plaintiff.  Plaintiff seeks to recover for minimum wage violations accumulated during his relevant time of employment.

77. The Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

78. At times mentioned, individual Defendants RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA were and are now the owners/partners and managers of

SPECIALIZED TOWING.  Defendants RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of SPECIALIZED TOWING concerning its employees, including Plaintiff and others similarly situated.  Defendants RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA had financial and operational control of the business, provided Plaintiff with his work schedule and they are jointly and severally liable for Plaintiff's damages.

79. Defendants SPECIALIZED TOWING, RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

80. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action.  Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DANIEL BARRIOS respectfully requests that this Honorable Court:

A. An order, at the earliest possible time, allowing Plaintiff to give notice of this collective action to all tow truck drivers and all similarly situated employees who are presently, or have at any time from August 2016, up through and including the date of this Court's issuance of Court-Supervised Notice worked at SPECIALIZED TOWING (or that the Court issue such notice).  Such notice shall inform them that this civil action has been

filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Enter judgment for Plaintiff and against the Defendants SPECIALIZED TOWING, RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

C.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff reasonable attorneys' fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff DANIEL BARRIOS and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

COUNT III:
FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)
RETALIATION; AGAINST ALL DEFENDANTS

81. Plaintiff DANIEL BARRIOS re-adopts every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

82. The Employer SPECIALIZED TOWING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant is a towing company that has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and

solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is enterprise coverage.

83. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

84. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

85. 29 U.S.C. § 206 (a) (1) states, "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

86. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

87. Defendants SPECIALIZED TOWING, RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA employed Plaintiff DANIEL BARRIOS as a non-exempted, full time tow truck driver, from on or about 2015, through approximately February 4, 2021, or

more than 5 years. However, for FLSA purposes, Plaintiff's relevant employment period is 141 weeks.

88.  During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 7 days per week the night shift, from Monday to Sunday, from 7:00 PM to 7:00 AM (12 hours each day). Plaintiff worked 84 hours weekly, and he was unable to take bonafide lunch periods.

89. During the relevant period, Plaintiff was paid on a "commissions only" payment plan, with an established commission settlement period of 1 week.

90. Defendants set a fixed "commission" of $50.00 for vehicle repossession towing services and $25.00 for regular tow away services. Plaintiff did not receive other compensation besides his commissions.

91. However, Plaintiff was not a salesman, and he did not sell anything. He was just a tow truck driver. Thus, the overtime sales exemption for commissioned employees Section 13 (a) (1) of the FLSA did not apply.

92. Plaintiff worked regularly and consistently a minimum of 84 hours weekly, he was paid entirely by commissions, he was not paid for every hour worked, and he was not paid for overtime hours, in violation of the minimum wage and overtime requirements of the FLSA.

93. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

94. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40),

in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

95. 24.  Plaintiff was paid weekly by direct deposits, and his paystubs did not show the number of days and hours worked, the percentage of commissions paid, etc. Plaintiff's paystubs showed a fictitious number of hours worked and a fictitious wage rate.

96. Plaintiff was not in agreement with the number of hours worked and the compensation received every week, and he complained to the dispatcher/supervisor, Jose Cruz, many times.

97. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

98. On or about February 04, 2021, Plaintiff complained to supervisor Jose Cruz for the last time.  Plaintiff complained about the lack of payment of minimum wages and overtime hours.

99. This Complaint constituted protected activity under 29 U.S.C. 215(a)(3).

100.  However, as a direct response to Plaintiff's complaints about minimum wages and overtime payment, supervisor Jose Cruz fired Plaintiff the same day.

101.  At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

102.  At times mentioned, individual Defendants RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA were and are now the owners/partners and managers of SPECIALIZED TOWING.  Defendants RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA were the employers of Plaintiff and others

similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of SPECIALIZED TOWING concerning its employees, including Plaintiff and others similarly situated.   Defendants RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA had financial and operational control of the business, provided Plaintiff with his work schedule, and they are jointly and severally liable for Plaintiff's damages.

103.     The termination of Plaintiff DANIEL BARRIOS by the Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because of his complaints about overtime payment and regular wages, in violation of Federal Law.

104.     Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

105.     Defendants SPECIALIZED TOWING, RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA willfully and maliciously retaliated against Plaintiff DANIEL BARRIOS by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

106.     The motivating factor which caused Plaintiff DANIEL BARRIOS to be fired from the business, as described above, was his Complaint seeking his regular and overtime wages from the Defendants.  In other words, Plaintiff would not have been fired but for his complaints regarding regular and overtime wages.

107.     The Defendants' adverse actions against Plaintiff DANIEL BARRIOS were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

108.     Plaintiff DANIEL BARRIOS has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DANIEL BARRIOS respectfully requests that this Honorable Court:

A.  Enter judgment declaring that the firing of Plaintiff DANIEL BARRIOS by Defendants SPECIALIZED TOWING, RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B.  Enter judgment against Defendants SPECIALIZED TOWING, RAUL HERRERA, JUAN J. HERRERA, and RIGOBERTO HERRERA awarding Plaintiff DANIEL BARRIOS liquidated damages in an amount equal to the amount awarded as consequential damages;

C.  For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D.  Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E.  Grant such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiff DANIEL BARRIOS demands trial by jury of all issues triable as of right by jury.


DATED: May 31, 2021

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.

Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*